UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LISA GALLAGHER,<br>    Plaintiff,<br><br>v.<br><br>ASSET MANAGEMENT WEST 10, LLC, ALIAS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ALIAS, WEST COAST SERVICING, INC., ALIAS, KENAN THAYER, ALIAS, AND JOHN DOE, ALIAS,<br>    Defendants. | C.A. NO. 1:13-cv-00038-M-LDA |

## **AFFIDAVIT OF SHANNA M. BOUGHTON**

I, Shanna M. Boughton, on my oath do depose and state that:

1. I am an attorney licensed to practice law in the State of Rhode Island.

2. I am an attorney at LeClairRyan, P.C. and represent the defendants in this matter. I have personal knowledge of the matters set forth herein.

3. Attached as Exhibit 1 is a copy of the Motion of Asset Management West 10, LLC for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362 ("Motion for Relief") filed on December 9, 2009 in the matter of *In re Lisa A. Gallagher*, Case No. 09-13159 (Bankr. D.R.I.) (the "Bankruptcy Action").

4. Attached as Exhibit 2 is a copy of the Debtor's Response to the Motion for Relief filed on December 28, 2009 in the Bankruptcy Action.

5. Attached as Exhibit 3 is a copy of the Stipulation on the Motion for Relief from Stay (as approved by the bankruptcy court) filed on February 17, 2010 in the Bankruptcy Action.

6. Attached as Exhibit 4 is a copy of the Affidavit of Non-Compliance filed on June 30, 2010 in the Bankruptcy Action.

7. Attached as Exhibit 5 is a copy of the Order granting the Motion for Relief that was entered on July 21, 2010 in the Bankruptcy Action.

Signed under the pains and penalties of perjury this 21st day of March, 2014.

_____
**Shanna M. Boughton, Esquire of LeClairRyan**

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, ss

On this _____ day of March, 2014 before me, the undersigned officer, personally appeared the above-named Shanna M. Boughton, Esquire, known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes contained therein.

_____
Notary Public
My Commission Expires: 9-12-2014

SANDRA MARTIN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 12, 2014

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF RHODE ISLAND (PROVIDENCE)

In re:

                                    Chapter 13

Lisa A. Gallagher                     Case No.: 09-13159
     Debtor,                        Honorable Arthur N. Votolato

_____/

## MOTION OF ASSET MANAGEMENT WEST 10, LLC. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Asset Management West 10, LLC. ("Asset Management"), a creditor in the above captioned Chapter 13 proceeding, moves this Court for an order, pursuant to 11 U.S.C. §362(d) and Rule 4001 of the Rules of Bankruptcy Procedure, for relief from the automatic stay of 11 U.S.C. §362(a) so that it may foreclose a mortgage which it holds on real property known as 74C Valley Green Court, North Providence, Rhode Island. In support of its motion, Asset Management states the following:

1. On April 28, 2006, Lisa Gallagher ("Debtor") executed and delivered a promissory note (the "Note", a copy of which is attached hereto as Exhibit "A") to Mortgage Lenders Network USA, Inc. dba Lenders network. The note was secured by a Mortgage also dated April 28, 2006 and recorded with the North Providence Land Evidence Records (the "Mortgage", a copy of which is attached hereto as Exhibit "B") on real property owned by the Debtors and known and numbered as 74C Valley Green Court, North Providence, Rhode Island (the "Real Property").

2. Asset Management is the present holder of the Note and the Mortgage.

3. Upon information and belief, on August 14, 2009, the Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code and was the current owner of the subject Property.

4. As of December 7, 2009, the arrearage owed by the Debtor on the Agreement is $45,019.96 which represents 20 monthly mortgage payments in the amount of $2,002.72 and attorney fees and costs in the amount of $675.00. Asset Management estimates that, if a hearing on this motion is held within thirty days of the date of filing, additional payments and late charges will have come due and owing.

5. There is no other collateral securing Asset Management's Agreement.

6. According to Debtor's Schedule A the value of the premises to be $280,000.00.

7. Asset Management estimates that the liquidation value is no greater than $280,000.00.

8. According to Debtor's Schedule C, Debtor is claiming an Exemption of $20,200.00 in the Real Property.

9. As of December 7, 2009, the total outstanding balance owed on the Agreement and Mortgage held by Asset Management was $293,677.33.

10. Asset Management is entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1) because the Debtor has not made payments pursuant to the Note and Mortgage.

   WHEREFORE, Asset Management moves that the court enter an order granting Asset Management relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Note and Mortgage and applicable state and federal law and to commence a summary process action against occupants of that property and that entry of the order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

                                      Asset Management West 10, LLC..
                                      By its attorneys,

Date:   December 9, 2009

/s/ Elizabeth W. Shealy
Elizabeth W. Shealy, Esq. 6910
MARINOSCI LAW GROUP, P.C.
1575 South County Trail
East Greenwich, RI  02818
(401) 234-9200

# EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND (PROVIDENCE)

| | | |
|---|---|---|
| In re | ) | Case No. 09-13159-ANV |
| | ) | |
| LISA GALLAGHER | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DEBTOR'S RESPONSE TO ASSET MANAGEMENT WEST 10 LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

In response to the Motion for Relief from Stay filed by Asset Management West 10 LLC, the Debtor states as follows:

1. Admit

2. Admit

3. Admit

4. The Debtor acknowledges that she is in arrears Post-Petition but disputes the amount of arrears enumerated in the Bank's Motion for Relief and as such requests an accounting. The Debtor requests a reasonable amount of time to become current. The Debtor is offering adequate protection to the Bank in that she is offering to bring the account current in such reasonable amount of time as this Court so allows.

5. Admit

6. Admit fair market value as per Debtor's schedules.

7. Admit

8. Admit

9. Admit

10. Deny that Household Finance Corp is entitled to relief from stay. The Debtor acknowledges that she is in arrears Post-Petition but disputes the amount of arrears enumerated in the Bank's Motion for Relief and as such requests an accounting. The Debtor requests a reasonable amount of time to become current. The Debtor is offering adequate protection to the Bank in that she is offering to bring the account current in such reasonable amount of time as this Court so allows.

Wherefore, the Debtor requests that this Honorable Court Deny the Bank's Motion for Relief because the Debtor has offered to bring the Post-Petition arrears current within a reasonable amount of time.

Respectfully submitted this 28th day of December 2009.

Lisa Gallagher
By her attorney

 **/s/ Sarah J. Rotz**
Sarah J. Rotz, Esq.
Family Legal
400 Washington Street
Suite 400
Braintree MA 02184
(781) 849-3337

## CERTIFICATE OF SERVICE

I, Richard D. Smeloff, as counsel for the Debtor, hereby certify that on December 28, 2009, I did send by first class mail, postage pre paid, a copy of the within Debtor's Response to the Motion for Relief to the following parties listed below:

*/s/ Richard D. Smeloff*
Richard D. Smeloff, Esq.


Lisa Gallagher
76C Valley Green Court
N. Providence RI 02904

Marinosci Law Group PC
1575 South County Trail
East Greenwich RI 02818

# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF RHODE ISLAND (PROVIDENCE)

In re:

           Chapter 13

Lisa A. Gallagher            Case No.: 09-13159
  Debtor,                     Honorable Arthur N. Votolato

_____ /

## STIPULATION ON ASSET MANAGEMENT WEST 10, LLC.'S MOTION FOR RELIEF FROM STAY

Now comes Asset Management West 10, LLC. ("Movant") and Lisa A. Gallagher ("Debtor") and stipulate as follows:

1. The total post-petition arrearage owed as of January 1, 2010 was $15,656.22. This consisted of the following post-petition payments and charges:

    Six (6) monthly payments due September 1, 2009 – February 1, 2010 @ $2,002.72 each, plus late charges in the amount of $424.21 plus taxes/Fees in the amount of $6,084.83.

    TOTAL AMOUNT DUE: $18,525.36.

2. Within seven (7) days of the filing of this Stipulation, Debtor will tender payment in the amount of $15,000.00 in certified funds towards the post-petition arrearage.

3. The remaining post-petition arrearage will be paid as follows, in addition to post-petition payments as stated in paragraph 4 below:

    March 1, 2010: $587.56

    April 1, 2010: $587.56

    May 1, 2010: $587.56

    June 1, 2010: $587.56

    July 1, 2010: $587.56

August 1, 2010: $587.56

4. All future post-petition payments are due on the first of the month beginning March 1, 2010 and have a fifteen (15) day grace period.

5. Debtor will amend her Chapter 13 Plan to include all pre-petition payments due to the Movant.

4. If the Debtor receives notice of change to the regular monthly mortgage payment amount within the life of the stipulation, the debtor shall make the appropriate adjustment to the total monthly amount due.

5. All future post-petition payments must be made payable to Sovereign Bank and sent to the following address:

> Asset Management West 10, LLC.
> 18831 Von Karman Avenue, Suite 380
> Irvine, CA 92612

6. If the Debtor fails to make said payment in Paragraphs 2 through 5 of this Stipulation, the Movant's Motion for Relief from stay may be granted without hearing by the Court upon Movant filing a Certificate of Non-Compliance after ten (10) days notice of default to the Debtor and Debtor's attorney, by first class mail postage prepaid or facsimile.

7. The terms of this Stipulation shall be null and void if the case is converted or dismissed.

Agreed to on this 15th day of February, 2010

Approved

Arthur N. Votolato
US Bankruptcy Judge

Entered on docket: 2/17/10

Asset Management West 10, LLC,
By its Attorney,

/s/ Elizabeth W. Shealy
Elizabeth W. Shealy, Esq.
Marinosci Law Group, P.C.
1575 South County Trail
East Greenwich, RI 02818
(401) 234-9200

                Lisa A. Gallagher
                By her Attorney,

                /s/ Sarah Rotz
                Sarah Rotz, Esq.
                Family Legal
                400 Washington Street, Suite 400
                Braintree, MA 02814
                (781) 849-7777

# EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF RHODE ISLAND (PROVIDENCE)

| | |
|---|---|
| In re: | Chapter 13 Proceeding |
| Lisa A. Gallagher | Case No.: 09-13159 |
| Debtor, | Honorable Arthur N. Votolato |
| Asset Management West 10, LLC | |
| Movant, | |
| vs. | |
| Lisa A. Gallagher | |
| Respondent, | |

AFFIDAVIT OF NON-COMPLIANCE

Elizabeth W. Shealy, Esq. SWEARS, deposes and says:

1.     I am the attorney and agent for Asset Management West 10, LLC ("Creditor"), a Creditor of the Debtor regarding the property address 76C Valley Green Court, North Providence, Rhode Island.

2.     That a Stipulation relating to Asset Management West 10, LLC's Motion for Relief from Stay was entered by this Court on February 17, 2010, stating that in the event that Debtor fails to make the payments specified the Stipulation, Creditor may submit a notice of default, served upon Debtor and Debtor's counsel permitting 10 days from the service of the notice in which to cure any and all defaults in payments. If the Debtor fails to cure the defaults in payments after having been provided notice under the provisions of the Stipulation, then Creditor's Motion for Relief from Stay may be granted without hearing by the Court upon Creditor filing an Affidavit of Non-Compliance.

3.     That upon information and belief, per Creditor, Debtor is not current and the loan is currently due for post-petition arrears in the amount of $12,820.79.

4.     That on June 17, 2010 a Notice of Default was served upon Debtor and Debtor's Counsel advising that the default could be cured within ten (10) days of the service of same.

5.     That Debtors have failed to cure the default and comply with the Stipulation granted by this Court on February 17, 2010.

6.     That per this Court's Order upon such default, the Automatic Stay may be lifted without further hearing.

Further, deponent sayeth not.

Dated: June 30, 2010

/s/ Elizabeth W. Shealy, Esq.
Elizabeth W. Shealy, #6910
Marinosci Law Group, P.C.
1575 South County Trail
East Greenwich, RI 02818
(401) 234-9200

# EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF RHODE ISLAND (PROVIDENCE)

In re:

                Chapter 13

Lisa A. Gallagher
    Debtor,

               Case No.: 09-13159
               Honorable Arthur N. Votolato

_____/

## ORDER RE: MOTION OF ASSET MANAGEMENT WEST 10, LLC. FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Asset Management West 10, LLC.. ("Asset Management"), by and through its attorneys, Marinosci Law Group, P.C., having filed for Relief From Stay regarding real property known and numbered as 74C Valley Green Court, North Providence, Rhode Island, notice having been given and good cause appearing therefore, it is hereby ORDERED that the Motion of Asset Management for Relief From Stay is allowed and Asset Management is granted relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that it, and its successors and assigns, may proceed to exercise its rights pursuant to the Retail Installment and Security Agreement and Mortgage and applicable state and federal law and to commence a summary process action against occupants of that property and that entry of the Order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

    At _____ this _____ day of _____, 2009

_____  7/21/2010
U.S. BANKRUPTCY JUDGE